Daniels, J.
—The removal of the relator from his position as patrolman in the police force was made upon bis answer to a charge imputing to him conduct unbecoming an officer, the specification of which was, that he had been so much affected by the influence of liquor on the 21st of February, 1887, as to be unfitted for the performance of pohce duty. The relator confessed the charge, and in his evidence detailed the circumstances under which he had been placed in this condition, and the sole question to be decided for the disposition of the certiorari is whether the evidence was sufficient to support the order made by the commissioners. For the present Code adopted the rule substantially followed in People v. Commissioners (52 How., 289), providing by subdivision 5 of section 2140, that the court shall determine in this class of cases whether there was upon all the evidence such a preponderance of proof as to the material facts that the verdict of a jury affirming the existence thereof rendered in an action, would be set aside by the court as against the weight of evidence.
The explanation of the relator of his condition was that he had been sick for several days previous to the time when he was found in the condition described in the charge. And in this statement he was corroborated by the evidence of an attending physician. He testified, further, that he reported for duty, supposing himself to have sufficiently recovered to resume his services as a member of the force, *578 and that while he was on .duty, and towards the close of the period of his services for the day, he was attacked with a severe chill, and while in this condition he was observed by an acquaintance, who persuaded him to drink a small quantity of brandy to revive and strengthen him; that this acquaintance procured that quantity of brandy, which he drank for this object, and by reason of his physical ill health, it put him in a state of intoxication. His testimony was, further, that he never had drank any liquor of any kind before this time, and that he then drank it for the sole purpose of relieving himself from the chill and securing the ability to continue the performance of his duty.
The testimony of the police surgeon was, that a person in the relator’s condition might be affected in this manner by a very small quantity of intoxicating liquor, and the-, evidence of the police sergeant was, that the relator was a person of temperate habits and highly spoken of by the persons who had known him from his childhood.
This evidence seems to have convinced Commissioner Voorhis before whom it was taken, of its general truthfulness, for he remarked that the relator was in his judgment-deserving of credit and favorable consideration for his. truthful admission of the charge, and that admission included all the qualifications mentioned by the relator in the-course of his evidence. And it presents the legal point whether it could be found as a fact from this evidence that the relator was guilty of conduct unbecoming an officer. To determine it the fact is to be considered that he did not voluntarily place himself in the condition in which the use of the stimulant he received had become necessary or proper. It was his misfortune rather than his fault. He was a man in no way addicted to the use of intoxicating, liquors, and it was not at his own instance that he made-use of it at this time, but upon the suggestion of a friend, who appears to have provided it with the best intention,, and that was to relieve the relator from the attack from which he was at the time suffering. He was in a condition when it was entirely proper that something should be done-for him in the way of providing a remedial agent, and that-provided by his friend was considered to be what he required under this voluntary circumstance. The charge made against the relator contemplated voluntary misconduct as distinguished from real misfortune. Such misconduct this evidence did not tend to establish, for it proved him to have been subjected to an affliction requiring the aid of a stimulant without any voluntary action producing it on his part. The case in this respect is entirely exceptional and not attributable to that class where the misconduct or voluntary action of the party himself is the cause *579 of intoxication. There it would be entirely proper for the commissioners to punish that act by dismissal from the force, but here it was not, for the relator was placed in the condition in which he was found by the force of circumstances, not brought about in the least degree by any misconduct or neglect on his part. It was rather the result of a controlling disposition faithfully to render the services appertaining to his position as an officer. And he should not have been punished in this manner, because of his having been brought into this condition by the force, of this circumstance. The discipline and good conduct of the patrolman did not require so harsh a remedy, neither was it deserved or justified by the facts made to appear by this evidence. While it is the duty of the court to interfere cautiously with the management of the force by the commissioners, the conclusion cannot be avoided upon the proof submitted to them, that in this case they erred in ordering the dismissal of the relator from the force. And as a verdict of a jury would be set aside as against the weight of evidence on proof of this description, the order should be reversed and an order directed for his restoration, without costs.
Van Brunt, P. J., and Brady, J., concur.